**GULF OIL CORPORATION, as Owner, Pro Hac Vice, of the STEAMSHIP GULFSPRAY, Libelant,**

v.

**PANAMA CANAL COMPANY, Respondent.**

**No. 6135.**

District Court, Canal Zone, Division Balboa.

June 5, 1967.

De Castro & Robles, Balboa, Canal Zone, for libelant.

David J. Markun, Jerry W. Mitchell, Balboa Heights, Canal Zone, for respondent.

## ORDER DISMISSING AMENDED COMPLAINT

CROWE, District Judge.

This case was submitted on defendant's motion to dismiss the amended complaint and as there is yet no denial of the facts set out therein, for the purposes of the motion they are as recited in the Amended Complaint and need not be repeated here.

The motion to dismiss is base upon three reasons. Number 3 of the motion embraces reasons 1 and 2; therefore, in upholding defendant's position as to it, the defendant is sustained as to all three reasons.

Admittedly in the Amended Complaint the plaintiff's steamship, the GULF-SPRAY, departed from the Canal Zone waters at 0512 after discharging the Panama Canal pilot as 0500. There is no allegation that prior to departure from Canal Zone waters an investigation of the alleged accident or injury giving rise to the claim had been made nor that the basis for the claim had been laid before the Panama Canal Company.

After concluding that the rudder was damaged, the vessel's course was reversed at 0850 and she came back into the Canal Zone waters and was anchored "of the Pacific side entrance channel" at 1305. She was therefore gone from the Canal Zone waters from 0512 to 1305 or about seven hours and 53 minutes.

Upon her return she was docked and a Panama Canal Company diver determined that the rudder was twisted "22 inches from the centerline of the vessel when the rudder indicators were in the centerline position."

The Panama Canal Company was "immediately" notified of the damage. A request for an investigation was made and damages were claimed. The Supervising Inspector, Board of Local Inspectors denied the request for investigation and the claim for damages was rejected.

The questions of law and the position of the defendant are clearly expressed in the Memorandum of Points and Authorities filed by the defendant in support of its motion to dismiss.

"The Panama Canal Company was at all times mentioned herein, and still is, a corporate agency and instrumentality of the Government of the United States of America incorporated under a federal charter by the Panama Canal Company Act. The Panama Canal Company Act was initially enacted by the Act of Congress of June 29, 1948 (c. 706,

sec. 2, 62 Stat. 1076), was substantially amended by the Act of September 26, 1950 (c. 1049, sec. 5 et seq., 64 Stat. 1041), and currently appears as revised and codified by the Act of October 18 1962 (P.L. 87–845, 76A Stat. 1 et seq.) The charter provisions of the Panama Canal Company are currently contained in 2 C.Z.C. sections 61 through 75 and 121 through 123, 76A Stat. 8–15.

■ "The above-cited statutes clearly establish Defendant Panama Canal Company as a corporate agency and instrumentality of the Government of the United States. As such, suits and actions against the Panama Canal Company are governed by the doctrine of sovereign immunity. This sovereign immunity from suit has been specifically waived in such cases as the instant one. Plaintiff correctly alleges that Defendant Panama Canal Company may be sued under the provisions of 2 C.Z.C. § 296, 76A Stat. 24 for injuries to vessels arising from operation of the Canal. This section is a specific waiver of sovereign immunity in cases involving claims arising from operations of the Panama Canal. However, Congress restricted· this waiver of sovereign immunity by requiring the party asserting a claim against the Panama Canal Company to meet certain conditions as a prerequisite to filing claim or bringing suit against the Company. These conditions are explicitly spelled out in 2 C.Z.C. § 297, 76A Stat. 25, which provides:

" '§ 297. *Investigation of accident or injury giving rise to claim*

Notwithstanding any other law, a claim may not be considered under this subchapter, or an action for damages lie thereon, unless, *prior to the departure from Canal Zone waters of the vessel involved:*

(1) the investigation by the competent authorities of the accident or injury giving rise to the claim has been completed; and

(2) the basis for the claim has been laid before the Panama Canal Company. 76A Stat. 25.' (Emphasis added.)"

■ As the plaintiff did not lay the basis for any claim before the Panama Canal Company nor did it request an investigation nor see that an investigation was completed prior to the departure of the GULFSPRAY from the Canal Zone waters, its complaint must be dismissed.

■ The general rule is that limitations placed upon a liability created by statute become a part of the right conferred, and that to warrant a recovery under the statute which creates a liability, or gives a remedy, which did not exist before, the case must be brought within the terms of the statute. 50 Am. Jur. Sec. 590.

The rule seems harsh and its application in this case indeed appears to work a hardship upon plaintiff as it did not know that it had been damaged until after its vessel had left the Canal Zone waters and made a test run in the open sea. Its ship then returned and it was offered for inspection and investigation by the authorities and attempted to lay claim before the Panama Canal Company all within a matter of hours and apparently as soon as reasonably possible.

A reading of the deposition taken by the libelant after the incident in San Pedro, California of the master, the mate on watch, and the quartermaster on watch at the time of the suspected grounding cast serious doubt on the plaintiff's ability to support the allegation of negligence on the part of defendant's pilots. Nobody was aware that a grounding occurred, if it did occur, during the transit of the Canal.

An affidavit with "Course-recorder Tape Readings" attached that were taken from the GULFSPARY and purported to have been made on April 6, 1966 tends to establish that there might have been a grounding but does not establish negligence nor pilot error.

■ The doctrine of res ipsa loquitur is not applicable in cases such as this. See Andros Shipping Co. v. Panama Canal Company, 298 F.2d 720 (1962); Vic-

torias Milling Co. v. Panama Canal Company, 272 F.2d 716 (1959). Both cases were decided in the U. S. Court of Appeals of the Fifth Circuit.

In the Victorias Milling Company case the court held that in an action against the Panama Canal Company for damages sustained to libelant's live vessel when she grounded while being navigated by a Panama Canal pilot, where the pilot had no way of knowing whether his orders were carried out properly, and the libelant produced no witnesses to establish any specific act of negligence and respondents established that the pilot, an experienced seaman, acted with due care in performing all of his duties, the evidence failed to justify a decree for the libelant.

In view of the state of the law, it is believed that it is best to dismiss the complaint and if the plaintiff wishes to appeal to test the manner of applying the statute, he can do so at this stage of the proceedings without the need of a full dress and expensive trial on all questions.